

63 WASHINGTON STREET, POUGHKEEPSIE, NEW YORK 12602 PHONE (845) 262-6333 WWW.SOKOLOFFSTERN.COM

Kimberly Hunt Lee
klee@sokoloffstern.com

July 10, 2025
**VIA ECF**
Hon. Philip M. Halpern
300 Quarropas Street
White Plains, NY 10601

RE: Knapp/Whelan v. County of Dutchess
7:25-cv-3000-PMH/VR

Dear Judge Halpern:

Please accept this letter as defendants' pre-motion letter in accordance with Your Honor's rules. The defendants request permission to file a motion to dismiss as the Amended Complaint ("AC") fails to state any claim.

Plaintiffs were Assistant District Attorneys working for Dutchess County until their termination on January 11, 2024 following the election of Anthony Parisi in November, 2023. (AC, ¶¶9, 14; 38, 43). The AC asserts claims for First Amendment Retaliation; Procedural Due Process; Stigma-Plus; Breach of Implied Contract; Wrongful Termination; Promissory Estoppel; Municipal Liability and Individual Liability. Plaintiffs also seek punitive damages. The AC does not withstand scrutiny.

**First Amendment Claims**

"To plead a First Amendment retaliation claim a plaintiff must show: (1) he has a right protected by the First Amendment; (2) the defendant's actions were motivated or substantially caused by [the plaintiff's] exercise of that right; and (3) the defendant's actions caused him some injury." *Dorsett v. Cnty. of Nassau,* 732 F.3d 157, 160 (2d Cir. 2013). "To establish a causal connection sufficient to survive a motion to dismiss, the 'allegations must be sufficient to support

the inference that the speech played a substantial part in the adverse action.' " *Kempkes v. Downey*, 2008 WL 852765, at *3 (SDNY, 2008) (quoting, *Davis v. Goord*, 320 F.3d 346, 354 (2d Cir. 2003)).

The First Amendment claims here fail to meet the threshold pleading standards. There is no "speech" alleged here, the only allegations are that the plaintiff's either "attended a campaign event" or vaguely "supported" the Weishaupt campaign. (See, AC ¶¶ 17,47). The AC does not allege or demonstrate that there was any speech entitled to First Amendment protection. See, *Pickering v. Board of Education*, 391 U.S. 563, 568 (1968).

As a general rule public employees may not be dismissed for the exercise of their First Amendment rights. However, the United States Supreme Court has held that political affiliation is a permissible employment criterion for some positions. *Elrod v. Burns*, 427 U.S. 347, 367 (1976); *Branti v. Finkel*, 445 U.S. 507, 517–18 (1980). Prosecutors in particular have been held to fit within the policymaker exception. See *Danahy v. Buscaglia*, 134 F.3d 1185 at 1192 (2d Cir., 1998). The first and second causes of action do not have sufficient factual support, and the Eighth cause of action under state law is similarly deficient.

**Procedural Due Process (Third Cause of Action)**

"In order to assert a violation of procedural due process rights, a plaintiff must 'first identify a property [or liberty] right, second show that the government has deprived him of that right, and third show that the deprivation was effected without due process.' " *Doe v. United States Merchant Marine Academy*, 307 F. Supp. 3d 121, 149 (EDNY, 2018). Plaintiffs had no such right.

N.Y. County Law §702, which pertains to assistant district attorneys, states, in relevant

part:

> Any appointment may be revoked at any time by the district attorney by filing a written revocation in the office of the county clerk.

Plaintiffs' appointment was properly revoked by defendant Parisi. See, e.g., *Jannsen v. Condo*, 101 F.3d 14, 16 (2d Cir. 1996) ("Where there is no property interest in the employment, there can be no property interest in the procedures that follow from the employment.").

**Stigma Plus (Fourth Cause of Action)**

Plaintiffs fail to plausibly allege that defendants violated their due process rights by making stigmatizing statements about them during their dismissal. To demonstrate a deprivation of a property or liberty interest for purposes of a so-called "stigma-plus" claim, a plaintiff must allege that (1) the government made stigmatizing statements about him; (2) the statements were made public; and (3) "the stigmatizing statements were made concurrently with, or in close temporal proximity to, the plaintiff's dismissal from government employment." *Segal v. City of New York*, 459 F.3d 207, 212 (2d Cir. 2006).

A stigmatizing statement is one that "call[s] into question [the] plaintiff's good name, reputation, honor, or integrity," or "denigrate[s] the employee's competence as a professional and impugn[s] the employee's professional reputation in such a fashion as to effectively put a significant roadblock in that employee's continued ability to practice his or her profession." *Id*. at 212. Not every derogatory statement is a stigmatizing one. The "statements" here are not about the plaintiff's individually and do not call into question their professional competence. (Compl. ¶¶33, 61).

**Breach of Implied Contract (Fifth Cause of Action)**

Plaintiffs seem to allege that they were entitled to lifetime medical benefits and full pension benefits, and reference severance, though the plaintiffs were provided all they were

entitled to under the Non-Union Benefit ("NUB") plan. (*Exhibit "A"*). As Assistant District Attorney's plaintiffs are classified as "exempt" under the Civil Service Law. They are terminable at will and serve at the pleasure of the District Attorney. There is no employment contract, neither are the allegations of the complaint sufficient to establish any "implied" contract. See, e.g. *Ruben v. Peninsula Counseling Center*, 292 A.D.2d 584 (2d Dept., 2002).

**Wrongful Termination (Sixth Cause of Action)**

As argued herein, plaintiffs had no right to continued employment, and were terminable at will, neither does the AC state any claim for wrongful termination.

**Conversion (Seventh Cause of Action)**

To state a claim for conversion, [a] plaintiff must allege that '(1) the party charged has acted without authorization, and (2) exercised dominion or a right of ownership over property belonging to another[,] (3) the rightful owner makes a demand for the property, and (4) the demand for the return is refused.' *Sabilia v. Richmond*, 2011 WL 7091353, at *19 (SDNY, 2011). There are no allegations to support this claim, particularly since plaintiffs' allegations demonstrate the materials were stored on County property.

**Promissory Estoppel (Ninth Cause of Action)**

To establish a viable cause of action sounding in promissory estoppel, a plaintiff must allege (1) a clear and unambiguous promise, (2) reasonable and foreseeable reliance by the party to whom the promise is made, and (3) an injury sustained in reliance on the promise. See, *Ripple's of Clearview v. Le Havre Assoc.*, 88 A.D.2d 120, 122 (2d Dept., 1982). This claim is barred by the NUB plan.

**Municipal Liability**

There are no claims asserted against Dutchess County. "[A] municipality is a 'person' amenable to suit under §1983, although its liability could not be based upon the principle of

*respondeat superior*." *Goldberg v. Town of Rocky Hill*, 973 F.2d 70, 72 (2d Cir.,1992) (citing, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978)). "[A] municipality could be held liable 'when execution of [the municipality's] policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy.' " *Goldberg*, 973 F.2d at 72 (quoting (*Monell*, 436 U.S. at 694)).

**Individual Liability**

The claims against Parisi are asserted against him in his official capacity and are redundant of those asserted against the County. See, *Kentucky v. Graham*, 473 U.S. 159, 166–67 (1985) (holding that official-capacity suits represent only another way of pleading an action against the entity of which the officer is an agent).

**Punitive Damages**

Punitive damages cannot be recovered from a municipal entity or municipal employees sued in their official capacity. *Ivani Contracting Corp. v. City of New York*, 103 F.3d 257, 262 (2d Cir., 1997), cert. denied, 520 U.S. 1211 (1997). The only claims asserted against Parisi are against him in his official capacity, and the claims for punitive damages should be withdrawn or dismissed.

**Qualified Immunity**

District Attorney Parisi is entitled to qualified immunity for his decision to terminate plaintiffs. *Harlow v. Fitzgerald*, 102 S.Ct. 2727 (1982).

Respectfully yours,

SOKOLOFF STERN LLP

Kimberly Hunt Lee

KIMBERLY HUNT LEE

KHL/dmf

cc: Michael S. Kassanoff, Esq.

# EXHIBIT “A”



# DUTCHESS COUNTY NON-UNION BENEFIT PLAN

Effective January 1, 2017
Revised September 2022

**DUTCHESS COUNTY NON-UNION BENEFIT PLAN**

EMPLOYEE CATEGORIES ........ 1
WORK WEEK AND WAGES ........ 1
Section 1 – WORK WEEK (E/M/C/BOE/U) ........ 1
Section 2 – OVERTIME (M/C/BOE/U) ........ 2
Section 3 – SALARY SCALES (E/M/C/BOE/U) ........ 2
Section 4 - ADMINISTRATION OF THE SALARY SCALES (M/C/BOE) ........ 3
Section 5 – TRANSFER TO/FROM A BARGAINING UNIT (M/C/BOE) ........ 4
LEAVE TIME ........ 5
Section 6 – HOLIDAYS (M/C/BOE) ........ 5
Section 7 – VACATIONS (M/C/BOE) ........ 6
Section 8 – SICK LEAVE (M/C/BOE) ........ 6
Section 9 – SHORT TERM MEDICAL LEAVE (M/C/BOE) ........ 7
Section 10 – LONG TERM DISABILITY INSURANCE (M/C/BOE) ........ 8
Section 11 – PAID FAMILY LEAVE (M/C/BOE) ........ 8
Section 12 – BEREAVEMENT LEAVE (M/C/BOE) ........ 9
Section 13 – WORKERS' COMPENSATION (E/M/C/BOE/U) ........ 10
Section 14 – PARENTAL LEAVE (M/C/BOE) ........ 10
Section 15 – LEAVE FOR JURY DUTY ........ 11
Section 16 – MILITARY LEAVE ........ 11
ADDITIONAL BENEFITS ........ 11
Section 17 – HEALTH INSURANCE (E/M/C/BOE/U*) ........ 11
Section 18 – HEALTH INSURANCE BUYOUT (M/C/BOE) ........ 12
Section 19 – DENTAL INSURANCE (E/M/C/BOE) ........ 13
Section 20 – OPTICAL INSURANCE (E/M/C/BOE) ........ 14
Section 21 – FLEX PLANS (E/M/C/BOE) ........ 14
Section 22 – LIFE INSURANCE & AD & D INSURANCE (E/M/C/BOE) ........ 14
Section 23 – NEW YORK STATE RETIREMENT (E/M/C/BOE/U) ........ 15
Section 24 – DEFERRED COMPENSATION (E/M/C/BOE/U) ........ 15
Section 25 – SOCIAL SECURITY (E/M/C/BOE/U) ........ 15
Section 26 – TUITION REIMBURSEMENT (E/M/C/BOE) ........ 15
Section 27 – WELLNESS PROGRAM (E/M/C) ........ 15
Section 28 – PARKING (E/M/C/BOE) ........ 16
Section 29 – MILEAGE (E/M/C/BOE/U) ........ 16
Section 30 – MEAL PAYMENTS (E/M/C/BOE) ........ 16
Section 31 – TRAVEL EXPENSES (E/M/C/BOE) ........ 16
Section 32– DIRECT DEPOSIT (E/M/C/BOE/U) ........ 16
Section 33 – RECOUPMENT ........ 16
Section 34 – EFFECTIVE DATE ........ 17
Appendix A ........ 18
Appendix B ........ 19

# EMPLOYEE CATEGORIES

A. Elected Officials (E): County Executive, Sheriff, District Attorney, County Clerk, Comptroller, County Legislators

B. Management (M): are persons (i) who formulate policy or (ii) who may reasonably be required on behalf of the public employer to assist directly in the preparation for and conduct of collective negotiations or to have a major role in the administration of agreements or in personnel administration provided that such role is not of a routine or clerical nature and requires the exercise of independent judgment. This determination will be made by the Department of Human Resources subject to the provisions of NYS Civil Service law.

C. Confidential (C): are designated if they are persons who assist and act in a confidential capacity to managerial employees described above in B(ii). This determination will be made by the Department of Human Resources subject to the provisions of NYS Civil Service law.

D. Board of Elections (BOE): includes full-time staff working at the Board of Elections only. Poll workers employed by the Board of Elections are considered unrepresented.

E. Unrepresented (U): Any title not designated to a category above, nor included in a bargaining unit. This category includes but not limited to poll workers at the Board of Elections, exam proctors for the Department of Human Resources, paid interns, and Summer Seasonal Workers. Employees in this category are not eligible for any non-wage benefits unless specifically noted in a section.

# WORK WEEK AND WAGES

## *Section 1 – WORK WEEK (E/M/C/BOE/U)*

A. Full-time Employees. The basic work week for M/C/BOE/U personnel is thirty-five (35) hours per week, seven (7) hours per day, Monday through Friday, except the following titles which work eight (8) hours per day, Monday through Friday: Superintendent of Corrections, Deputy Superintendent of Corrections, Deputy Sheriff Captain, Deputy Sheriff Colonel, Chief Deputy, Correction Officer (pt), Deputy Sheriff (pt). (Human Resources may designate new or additional titles as eight (8) hours as appropriate)

B. Other than Full-time Employees. Actual hours worked may vary and will be recorded through the County's time keeping system.

## *Section 2 – OVERTIME (M/C/BOE/U)*

A. Overtime eligibility will be determined by the Department of Human Resources according to FLSA, and DOL guidelines.

B. Overtime eligible employees must be pre-approved for overtime by the Department Head or designee. Failure to obtain pre-approval may result in discipline. The decision to pay employees or award compensatory time will be at the discretion of the Department Head.

C. Overtime eligible employees will be compensated at straight time rates or receive straight time compensatory time for hours worked between thirty-five (35) and forty (40) in a week.

D. Overtime eligible employees that work over forty (40) hours per week will be compensated according to FLSA guidelines or receive time and one-half compensatory time.
   1. Compensatory time, whether earned at overtime or straight time rates, shall, after appropriate conversion, be credited at a single straight time rate. For example, if six (6) hours of compensatory time is earned at the overtime rate, it shall be credited as nine (9) hours at the straight time rate.
   2. Compensatory time may be used with approval by the Department Head or designee.
   3. If compensatory time is granted, it shall be taken within 6 months of the date earned or it shall be paid to the Employee in the first payroll period of the seventh month.
   4. Upon separation from County employment, compensatory time balances will be paid to the employee.

## *Section 3 – SALARY SCALES (E/M/C/BOE/U)*

A. The salary scale structure current at time of adoption of this compensation plan is recorded as Appendix A.

B. Salaries and salary scales may be updated annually to reflect cost of living and/or other adjustments in a separate resolution or as part of the budget adoption process and will be no less than the amount adopted for the CSEA bargaining unit.

C. “F” class, or flat salaries are not listed on the salary scale, but are approved and updated on an individual basis through legislative approval.

D. Salaries for elected officials are set according to the provisions of State law.

E. Positions covered by this Plan shall be classified, in accordance with law, by the Commissioner of Human Resources using appropriate classification techniques as recommended by the NYS Department of Civil Service.

F. Titles covered by this Plan shall be evaluated by Human Resources for position allocation. Recommended salary grades are subject to approval by the County Executive. The County may reclassify or reallocate any title covered by this Plan as appropriate

## *Section 4 - ADMINISTRATION OF THE SALARY SCALES (M/C/BOE)*

A. Performance Evaluation(s) and merit awards for M/C
   1. Merit increases may be awarded annually based on the results of the employee's performance review.
   2. The evaluation period runs from July to June of the following year, with applicable merit increases being awarded for inclusion in the following year's budget.
   3. Annual amounts designated for merit increases will be recommended by the Executive's Office and approved by the Legislature during the annual budget adoption process.
   4. Appointed/promoted employees will be eligible for one hundred percent (100%) of merit for the evaluation period in which they were promoted (including promotion from bargaining unit).
   5. New County employees hired after the start of the review period will be eligible for a merit increase as follows:

| Hired | Reviewed | % Of Merit | Merit Awarded |
|---|---|---|---|
| Jan - March | Following July | 50% | Following January |
| April - Jun | July of next year | 100% | Following January |
| Jul - Sept | July of next year | 100% | Following January |
| Oct - Dec | July of next year | 75% | Following January |

*For example*

| *Hired* | *Reviewed* | *% Of Merit* | *Merit Awarded* |
|---|---|---|---|
| *Jan - March 2022* | *July 2022* | *50%* | *January 2023* |
| *April - Jun 2022* | *July 2023* | *100%* | *January 2024* |
| *Jul - Sept 2022* | *July 2023* | *100%* | *January 2024* |
| *Oct - Dec 2022* | *July 2023* | *75%* | *January 2024* |

B. Performance Evaluation(s) for BOE
   1. The review process will be conducted annually;
   2. Outcomes of performance evaluations should be considered during budget allocation of salary dollars for the department.

C. Appointment and promotional salary standards
   1. New hires to the County: Salary appointments can be made in 1st quartile of the salary grade range with Department Head approval, in 2nd quartile with approval of the Executive Office, and appointment beyond 2nd quartile will require approval by the Legislature.
   2. Lateral Transfers/Appointments: is a change in title to the same designated salary grade. Employee may retain salary from former position or is eligible for a new salary on appointment in C.1 above.

3. Promotions: is a change in title to a higher designated salary grade
    a. Promotional appointments can be made in the 1st quartile of the salary grade range with Department Head approval, in 2nd quartile with approval of the Executive Office, and appointment beyond 2nd quartile will require approval by the Legislature.
    b. Alternatively, a percentage of between 5-10% may be awarded to the current base salary based on prior performance as determined by the Department Head and without Legislative approval, regardless of where the new salary occurs in the new salary range. If the promotion formula, when added to employee's current salary, brings the salary above the 3rd quartile in the scale, the salary must be approved by the County Executive.
4. Demotion: is a change in title to a lower designated salary grade
    1. To a position in M/C previously held, or to which the employee is eligible for reinstatement, the new salary will be the higher of:
        2. The salary last held, adjusted for any COLA awarded which affected the salary schedule, or
        3. The same relative position in the salary scale.
    b. To a position in M/C not previously held by the employee the new salary will be the same relative position in the new salary scale.
5. Re-Allocation: is a change in assigned salary grade for a position
    a. For a downward re-allocation of salary grade, employees will be placed in the same relative position in the new scale as their placement in the previous/current. For example, if salary is midpoint of grade MG and was reallocated to ME, the salary would be mid-point of ME.
    b. For an upward re-allocation of salary grade, employees will have their salary adjusted by the parameters of the promotion formula above.
6. Reinstatement: The salary for a reinstated employee will be the employee's previous salary or subject to the approval ranges for a new hire as described in C.1 above.

D. Longevities (M/C)
    1. A longevity is an increase equal to three percent (3%) of annual base salary.
    2. A longevity will be awarded on the Adjusted Longevity Date for the following years served in the County: 10, 15, 20, 25, 30, 35 (years served will be calculated on a full-time basis). Adjusted Longevity Date means the date on which an employee is hired, adjusted by adding any period of more than five consecutive days during which the Employee does not appear on the payroll.
    3. BOE employees will earn a longevity on Adjusted Longevity Dates, however the implementation of award will be immediately and indefinitely suspended. The suspension may be lifted if the employee moves into a Longevity eligible position, Section 8 of this plan details how to implement any applicable Longevities.

## *Section 5 – TRANSFER TO/FROM A BARGAINING UNIT (M/C/BOE)*

A. Accrued sick time will transfer on an hour for hour basis when moving to or from a bargaining unit.

B. Accrued vacation time will transfer on an hour for hour basis, after adjustments as may be necessary. Time will then be earned as defined in this plan or appropriate bargaining unit. If moving to a bargaining unit with a cap on accrued vacation time, the employee would be obligated to the terms and conditions of the collective bargaining unit upon appointment

C. Longevity calculation
   1. Longevities earned while in a bargaining unit will be recognized at the rate previously earned, and new longevities earned while in M/C positions will be earned as defined in Section 4.D of this Plan.
   2. BOE employees moving into M/C positions will have any longevities earned while in a bargaining unit restored per Sub-Section 1 above, and any Longevities earned while at BOE will be implemented according to Section 4.D.3. The implementation of Longevities will be from appointment in a covered position forward without any expectation of retro pay.
   3. M/C/BOE employees moving into a bargaining unit will have all earned longevities recalculated according to the rate as defined in the applicable collective bargaining agreement.

D. Accrued compensatory time will be paid at current title and rate prior to effective date of new appointment.

E. Personal time balances will be converted to vacation time, on an hour for hour basis, for an employee moving into M/C/BOE.

# LEAVE TIME

Management, Confidential, and BOE employees who work a regularly scheduled work week shall be credited with paid leave time. Elected and unrepresented employees are eligible for Workers' Compensation, but will not receive any other paid leave time.

M/C/BOE/U employees are not eligible to receive or use Personal Time.

## *Section 6 – HOLIDAYS (M/C/BOE)*

A. Employees will be awarded a day off with pay for a County Holiday. Dutchess County officially recognizes thirteen (13) public holidays that authorize offices to be closed. As of January 1, 2023 the holidays are New Year's Day, Martin Luther King Day, Lincoln's Birthday, President's Day, Memorial Day, Juneteenth Day, Independence Day, Labor Day, Columbus Day, Veteran's Day, Election Day, Thanksgiving Day, and Christmas Day.

B. Holidays will be observed on an eligible employee's normal workday or if it falls on Saturday will be observed the preceding Friday. Holidays that fall on Sunday will be observed the succeeding Monday.

C. If additional days become official holidays with closed county office hours, these additional days will be deemed holidays under this benefit.

D. If the County becomes open for the transaction of business on a public holiday listed in 6.A, one additional vacation day annually will be added to the accrual awards in the next section.

E. Employee who are less than fulltime will accrue Holiday time per payroll at the rate of 0.0500 hours for every hour worked up to fulltime hours (eg excludes overtime and unpaid time, and includes eligible paid time off). This rate will adjust based on changes to the number of recognized Holidays.

## *Section 7 – VACATIONS (M/C/BOE)*

A. Effective the first full payroll in October 2022, eligible employees will be awarded Vacation per payroll for every hour worked up to fulltime hours (eg excludes overtime and unpaid time, and includes eligible paid time off). On transition, all prior accrual and recoupment provisions sunset and no additional transition adjustments are necessary.

The amount of accrual is based on duration of continuous service per the following:

| Continuous Employment | Vacation Hours Earned per Regular Hour Paid |
|---|---|
| Up to 5 years | 0.0770 |
| 5 or more years | 0.0962 |

B. Full-time employees may accumulate vacation without limit. Upon separation from service, any accumulated balance will be paid up to a maximum of forty-five (45) accrued days.

C. Upon retirement, with at least ten (10) years of County service, an employee may also be paid an additional one (1) day of accrued vacation time for each full year of County service, any remaining accrued time may be converted, on an hour to hour basis, to sick time.

D. Vacation must be pre-approved and may be used in minimum units of ½ hour increments.

## *Section 8 – SICK LEAVE (M/C/BOE)*

A. Sick leave is for short-term or intermittent episodes. Accumulated sick leave shall be used only for an Employee's medical appointments, personal illness, or same circumstances for his immediate family requiring him to be with his immediate family. For the purpose of this section, immediate family means an employee's spouse,

child(ren), mother or father. Use of sick time must be approved, and pre-approved when the event is foreseeable.

B. Notice of Sick Leave: If the use of Sick Leave is foreseeable an eligible employee must receive approval in advance (this includes planned medical treatment(s)). If the use of sick leave is not foreseeable notification to their Supervisor must be made as soon as practicable.

C. Effective the first full payroll in October 2022, eligible employees will be awarded Sick Leave per payroll at the rate of 0.0462 hours for every hour worked up to fulltime hours (eg excludes overtime and unpaid time, and includes eligible paid time off).

D. Sick leave may be taken in minimum units of ½ hour increments.

E. Employees shall be responsible for reporting and justifying use of sick leave. Personal illness and/or disability in excess of five (5) continuous days may require justification to the Department Head and/or the County Executive. Sick leave in excess of ten (10) days in a twelve month period may also require justification to the Department Head and/or the County Executive.

F. Employees re-hired and/or reinstated within one (1) year of separation will have Sick Leave balances available at the time of separation restored for use.

G. Use of accumulated sick time for retirement:
    1. Upon retirement from County employment, an Employee may use accumulated sick leave as additional retirement service credit, pursuant to Section 41(j) of the New York State Retirement and Social Security Law.
    2. Management employees assigned to the Sheriff’s Office who are police officers may utilize accumulated sick balance in the same manner as defined in the PBA collective bargaining agreement that is active at time of retirement.
    3. Management employees assigned to the Jail who are peace officers may utilize accumulated sick balance in the same manner as defined in the DCSEA collective bargaining agreement that is active at the time of retirement.

## *Section 9 – SHORT TERM MEDICAL LEAVE (M/C/BOE)*

A. A short-term self-insured disability plan will be available for fulltime M/C/BOE employees for their personal, serious health conditions after six (6) months of County employment.

B. M/C/BOE employees shall be granted up to ninety (90) calendar days at full pay for an employee’s short term serious health condition, or injury as defined by NYS Disability Law. Appropriate documentation from the attending physician shall be made available upon request.

C. To be eligible, an employee must suffer from a serious health condition prohibiting them from performing their essential duties.

D. Absence for the serious health condition must be continuous and in excess of five (5) days. The initial five (5) days will be covered by sick time (or other benefit time as appropriate).

E. Qualifying employees will receive one hundred percent (100%) of salary coverage up to ninety (90) days. This coverage will occur after the initial five (5) day qualifying period.

## *Section 10 – LONG TERM DISABILITY INSURANCE (M/C/BOE)*

A. Long term disability insurance, in excess of three months illness for each incident, will be provided to fulltime employees after six (6) months of County employment.

B. Coverage will be effective on the date of employment and will cease on the date of separation.

C. Eligibility will be determined by the insurance carrier and plan.

D. In the event of a major health event that qualifies for Long Term Disability coverage, available sick time may be used in excess of the Long Term Medical Leave benefit.

E. Long term disability plan is subject to change at the discretion of the County.

## *Section 11 – PAID FAMILY LEAVE (M/C/BOE)*

A. Full-time M/C/BOE employees will be eligible for Paid Family Leave after six (6) months of full-time County employment for the following criteria:
   1. To participate in providing care (physical or psychological) of a family member of the employee, ***because the family member*** has a serious health condition,
      a. Serious health condition will be as defined by NYS Disability Law
      b. Family member means child, parent, grandchild, grandparent, spouse.
   2. For a qualifying exigency because a Spouse, Child, or Parent of the employee has been called to active duty in the Armed Forces of the United States.
   3. No employee is eligible while:
      a. Receiving total disability payments pursuant to a claim of Workers' Compensation, or
      b. While on volunteer firefighters', volunteer ambulance workers' benefits, or
      c. While receiving partial disability payments, then when combined with the Paid Family Leave benefit, an employee cannot receive more than their average weekly wage, or
      d. While he is not employed by the employer, or
      e. While he is on administrative leave, or
      f. While he is receiving sick pay,

      g. While he is working at least part of the day for remuneration, profit, or pay, for the County or for any other employer where the work hours of another employer are the same or substantially similar working hours as those at the County.

Notice of Leave: If the need for Family Leave is foreseeable an eligible employee must complete the appropriate leave notice at least thirty (30) days in advance (this includes planned medical treatment(s)), or as soon as practicable.

B. Evidence for Leave:

1. Employees will be required to provide evidence of the need for Family Leave within thirty (30) days of the commencement of the leave. Evidence is a doctor's note (ie physician, psychiatrist, podiatrist, chiropractor, dentist, psychologist, or an accredited religious practitioner in the case of an employee who depends upon prayer for healing).
2. Subsequent to the initial doctor's note, the County may require evidence of continued need on a weekly basis.

C. Employees shall use available Family Medical Leave Act time concurrently with this benefit.

D. The amount of eligible time and rate of coverage is defined as follows:

| Max Leave during 52-week calendar period | Compensation |
|---|---|
| No more than 12 weeks | 67% of salary |

E. During this benefit, employees will have the following options regarding use of accrued vacation time:

1. Charge all or part of the Family Leave duration to accrued vacation time to receive full salary. These designated days will use full day accrued vacation days only, and will not be reimbursed according to the chart above.
2. Not charge all or part of the Family Leave duration to accrued vacation time, and instead the employee will receive reimbursement according to the chart in 11.D above.

F. The County shall not permit more than one M/C/BOE Employee to use Family Leave to care for the same family member concurrently. Under no circumstances will the time taken, or split, by any M/C/BOE Employee(s) to care for the same family member exceed the total number of weeks outlined in Subparagraph D of this Section.

## *Section 12 – BEREAVEMENT LEAVE (M/C/BOE)*

A. Fulltime M/C/BOE employees shall be granted up to five (5) working days upon an incident of bereavement for spouse, parents or children beginning on the date of passing.

B. Up to three working days shall be granted upon other instances of family bereavement including grandchild, grandparent, brother, sister, mother-in-law, father-in-law, legal guardian, step-child, step-parent, step-brother, or step-sister. An Employee shall be granted one working day off with pay at the time of death of an Employee's brother-in-law, sister-in-law, son-in-law or daughter-in-law.

C. One awarded Bereavement day may be reserved for funeral use up to ninety (90) days from the date of passing.

## *Section 13 – WORKERS' COMPENSATION (E/M/C/BOE/U)*

A. Employees injured on the job shall be covered pursuant to New York State Workers' Compensation Law.

B. An employee who is absent from work because of an occupational injury or disease shall be entitled to leave with full pay for any regularly scheduled workdays during the 7-day waiting period. If it is determined that the injury or disease is not covered by Workers' Compensation the employee will be charged against their accumulated sick or benefit time for any time used.

C. 207-C benefits will be provided for eligible registered Peace Officers and Police Officers covered by this plan. The specific provisions of such are detailed in Appendix B.

## *Section 14 – PARENTAL LEAVE (M/C/BOE)*

A. Full time M/C/BOE employees will be eligible for paid parental leave upon the birth or adoption of a child after having served at least one (1) year in County Employment. This benefit is intended to assist employees with bonding with a newly born or adopted child. M/C/BOE employees are eligible for Parental Leave immediately after a child's birth, or immediately after the placement of a child for adoption in a M/C/BOE's home.

B. M/C/BOE employees are entitled to up to eight (8) weeks of parental leave upon the birth or adoption of a child. The eight (8) weeks need not be taken consecutively or immediately, but use of paid parental leave expires after twelve (12) weeks from the birth or adoption of the child.
   1. Time may be taken in one (1) hour increments;
   2. This is not an "emergent" benefit and advance notice of time off is to be coordinated with Department;
   3. Holiday time does not deduct from eight (8) week benefit.

C. Employees shall use available FMLA time concurrently with this benefit.

### *Section 15 – LEAVE FOR JURY DUTY*

When an employee is officially summoned to be present at the courthouse for jury duty or is under subpoena to appear in court or before an administrative tribunal on a matter related to his job duties, he shall be granted leave with pay for such purposes. In the case of jury duty, the amount of pay shall be the difference between his daily rate of pay and the amount allowed by the court for the jury duty.

### *Section 16 – MILITARY LEAVE*

A Unit Head shall grant any leave of absence, with or without pay, as is now or may be required by specific statutory authority, such as the Military Law. Additionally, employees covered by this Plan, who are also members of the Armed Forces Reserves or National Guard and who are called to Active Duty Military Service shall be entitled to the benefits conferred upon them in the Dutchess County Resolution No. 2016221, as amended.

## ADDITIONAL BENEFITS

### *Section 17 – HEALTH INSURANCE (E/M/C/BOE/U*)*

**Unrepresented employees that meet the mandate criteria for health insurance under the Affordable Care Act will be treated as M/C/BOE for sections A, B, and C.*

A. All M/C/BOE employees shall be eligible for health insurance according to the following contribution table. Coverage may be either on an individual or family basis, upon the election of the employee. Employees may choose from any of the available County plans.

| | Contribution % |
|---|---|
| Hired prior to July 1, 1979 | 2.5% |
| Hired July 1, 1979 - December 31, 2010 | 7.5% |
| Hired after December 31, 2010 , & less than 10 years of service | 15.0% |
| Hired after December 31, 2010 , & more than 10 years of service | 10.0% |

B. Coverage begins the first of the month following the date of employment, provided application is completed before the end of the month. Coverage ceases at the end of the calendar month of separation. Coverage shall be maintained while an employee is receiving payments pursuant to Workers' Compensation or Disability Insurance, as provided through the County for up to one (1) year.

C. Plan eligibility and enrollment deadlines are subject to carrier and legal requirements. The health insurance plan, including deductible levels, is subject to change at the discretion of the County.

D. Retiree Health Insurance

1. Employees who retire from the County, as signified by beginning to receive retirement benefits from the New York State Retirement System and have the County retirement service credit years with County government, shall have the option to elect contributory health insurance coverage from the County based on the following schedule:

| County Service Years* | County Coverage Individual | Share of Dependent |
|---|---|---|
| 10 – 14 | 50% | 35% |
| 15 - 19 | 60% | 45% |
| 20 - 24 | 70% | 55% |
| 25 & Over | 80% | 65% |

*This number represents the retiree's years of service to the County in full time years. Part time employment will be pro-rated to reflect actual service.

Employees already receiving NYS Retirement benefits prior to separating from County employment are not eligible for this benefit.

2. Surviving spouses receiving health insurance coverage through a retired Employee as described above shall have the option to continue either individual or dependent health insurance coverage with the County on a contributory basis. The County will pay fifty percent (50%) towards the cost of individual coverage. The surviving spouse shall pay the balance of the individual coverage premium cost. In the event the surviving spouse elects dependent coverage, the surviving spouse shall be responsible for the total cost of dependent coverage.

E. All elected officials shall be eligible for health insurance at a fifteen percent (15%) contribution rate pursuant to Local Law #2 of 2010. Coverage may be either on an individual or family basis, upon the election of the employee. Employees may choose from any of the available County plans.

## *Section 18 – HEALTH INSURANCE BUYOUT (M/C/BOE)*

A. An Employee enrolled in a County health insurance plan for the twenty-four (24) months immediately prior to submission of his buy-out application shall be eligible for a health insurance buy-out for the plan category (individual or family coverage) in which he was actually enrolled for those prior twenty-four (24) months as hereinafter set forth. Thereafter an Employee may continue to re-apply for the buyout, during the designated period, if that Employee would otherwise be eligible for health insurance.

B. In the event that the employee has not been enrolled in a family plan for twenty-four (24) months but has been continuously receiving health care insurance benefits for the prior twenty-four (24) month period (either in an individual plan or in a combination of the time in an individual plan and family plan for twenty-four (24) months continuously)

then the buyout will be awarded at the rate of the plan the employee was enrolled in for the majority of the period.

C. An Employee, deemed eligible under (A) above, may exercise the health insurance buyout by submitting an application to the County, any time during the year they elect to terminate County coverage but no later than the open enrollment period designated by the County, within the same calendar year that he/she terminated coverage along with proof of alternative non-County health insurance coverage. The application shall be as prescribed by the County and made available by Risk Management. No award will be made in the year in which application is made. (e.g. coverage is dropped in June of 2015, the buyout will be applicable in calendar year 2016).

D. Once an Employee has exercised the buyout, it shall remain effective for a designated calendar year unless rescinded as set forth below.

E. Each Employee who exercises the health insurance buyout shall be paid $1,250.00 for an individual plan, and $2,500.00 for a family plan for the health insurance plans available pursuant to this Agreement.

F. Payment shall be made between December 1st and December 15th of the following year for applications made in the current year. If an Employee leaves County employment before December 15, he shall receive a buyout payment prorated on a monthly basis for the appropriate period.

G. An employee who has elected the health insurance buyout may rescind that election by presenting written proof of loss of health insurance coverage to the County. The Employee shall be eligible to apply for enrollment in an appropriate health insurance plan subject to the prescribed waiting period and the applicable health insurance contribution rate for that Employee. The employee shall not be eligible for any buyout payment in that year

H. Employees who elect this buyout and subsequently retire or expire during the year, shall have their buyout payment prorated on a monthly basis for the current year. Employees that separate for any other reason will not be eligible for any payment in that year. Retirees are not eligible for the buyout.

## *Section 19 – DENTAL INSURANCE (E/M/C/BOE)*

A. Employees shall receive fully paid dental insurance. Coverage may be either on an individual or family basis, upon the election of the employee.

B. Coverage becomes effective the first of the month following the date of employment, provided application is completed before the end of the month. Coverage ceases at the end of the calendar month following the date of separation. Coverage shall be maintained while an employee is receiving payments pursuant to Workers' Compensation or Disability Insurance, as provided through the County.

C. Plan eligibility and enrollment deadlines are subject to carrier and legal requirements. The dental insurance plan is subject to change at the discretion of the County.

## *Section 20 – OPTICAL INSURANCE (E/M/C/BOE)*

A. Employees shall receive fully paid optical insurance. Coverage may be either on an individual or family basis, upon the election of the employee.

B. Coverage becomes effective the first of the month following the date of employment, provided application is completed before the end of the month. Coverage ceases at the end of the calendar month following the date of separation. Coverage shall be maintained while an employee is receiving payments pursuant to Workers' Compensation or Disability Insurance, as provided through the County.

C. Plan eligibility and enrollment deadlines are subject to carrier and legal requirements. The optical plan is subject to change at the discretion of the County.

## *Section 21 – FLEX PLANS (E/M/C/BOE)*

A. Medical Plan Premium Conversion: The County will auto-enroll Employees who contribute toward their health insurance coverage. Employees must submit a written request to the Risk Management Department within thirty days of date of hire, a qualifying event or the open enrollment period(s) to opt out of the program to process contributions as post-tax deductions pursuant to the Internal Revenue Service rules and regulations.

B. Medical Expense Reimbursement Plan: The County will offer a flexible spending plan to Employees. The flexible spending plan may be used to offset qualifying non-reimbursed medical expenses by allowing Employees to defer or convert a portion of their earnings on a pre-tax basis into separate spending accounts to fund allowable medical expenses.

C. Dependent Care Spending Account Plan: The County will offer a flexible spending plan to Employees. The flexible spending plan may be used to offset qualified expenses for elder care, handicapped care and dependent care expenses by allowing Employees to defer or convert a portion of their earnings on a pre-tax basis into separate spending accounts to fund allowable expenses.

D. Plan eligibility and enrollment deadlines are subject to carrier and legal requirements.

## *Section 22 – LIFE INSURANCE & AD & D INSURANCE (E/M/C/BOE)*

A. Employees shall receive fully paid life insurance and Accidental Death and Dismemberment (AD&D) coverage up to one time their salary to a maximum of $150,000 (benefits reduce by 50% starting age 70).

B. Coverage will be effective on the date of employment and will cease on the date of separation.

C. Life insurance and AD&D plan are subject to change.

## *Section 23 – NEW YORK STATE RETIREMENT (E/M/C/BOE/U)*

A. All fulltime permanent employees working at least thirty (30) hours per week must participate in the New York State Retirement System defined benefit pension or, if eligible, the voluntary defined contribution plan.

B. Contributions vary depending upon date of covered employment.

## *Section 24 – DEFERRED COMPENSATION (E/M/C/BOE/U)*

A plan for employee participation in a deferred compensation program has been established by the County in accordance with, and subject to all the necessary procedures and approvals required by federal and state agencies.

## *Section 25 – SOCIAL SECURITY (E/M/C/BOE/U)*

A. All employees covered by the New York State Retirement System will also be covered by Social Security. A designated contribution, specified by Social Security Law, will be deducted from each paycheck up to the maximum amount required.

   If temporary, provisional or less than full-time employees elect not to join the New York State Retirement System, they must contribute to Medicare coverage.

## *Section 26 – TUITION REIMBURSEMENT (E/M/C/BOE)*

Full-time permanent and Elected employees will be eligible for reimbursement of the tuition cost only of one (1) course per semester, up to three (3) times per year.

A. Tuition reimbursement requests will be reviewed and approved by a committee including but not limited to a designee from County Executive's Office and Human Resources.

B. Application for pre-approval of reimbursement shall be submitted on or before dates determined by the committee, but in all cases prior to the start of an academic semester.

C. To receive reimbursement, the course must be pre-approved, completed successfully, and demonstration of full payment of tuition must be provided.

## *Section 27 – WELLNESS PROGRAM (E/M/C)*

Full-time permanent and Elected employees may receive up to six hundred dollars ($600.00) in annual reimbursement/incentives for qualifying wellness activities as defined by County policy.

## Section 28 – PARKING (E/M/C/BOE)

Parking will be provided to designated employees.

## Section 29 – MILEAGE (E/M/C/BOE/U)

Employees authorized to utilize their personal vehicle for County business shall be reimbursed at the reimbursement rate established by the IRS.

## Section 30 – MEAL PAYMENTS (E/M/C/BOE)

Employees will be reimbursed according to the County's Policy.

## Section 31 – TRAVEL EXPENSES (E/M/C/BOE)

Reimbursement shall be made for actual, necessary, and approved traveling expenses for which receipts are available according to the County's Policy.

## Section 32– DIRECT DEPOSIT (E/M/C/BOE/U)

All employees covered by this plan are required to utilize direct deposit.

A. Each Employee must elect Paperless Direct Deposit of their entire net paycheck.  Funds will be available in each designated account through ACH on each pay date.  If an over or under payment occurs it will be corrected in the next paycheck.

B. Employees will be responsible for any bank charges as a result of insufficient funds or late transfer of funds.

C. Changes to a previously elected direct deposit option may be made at any time.  The change will be effective within two (2) payroll cycles.

## Section 33 – RECOUPMENT

A. When employees or departments become aware of an overpayment or other amount owed by an employee to the County, the Departments of Human Resources and Finance will be notified.

B. The Finance Department will notify the employee in writing of the amount and reason of the overpayment or other amount owed and the payment or recoupment schedule to be followed.  If the recoupment schedule would provide a financial hardship to the employee, they may appeal the schedule to the Human Resources Department.

C. If a recoupment is not satisfied and the employee leaves County employment, the balance of the recoupment will be deducted from the employee's last paycheck.

## *Section 34 – EFFECTIVE DATE*

This Plan shall take effect upon adoption.

*Appendix A*

# January 1, 2022 Management / Confidential Salary Schedule

| | | First Quartile | | Second Quartile | | Third Quartile | | Fourth Quartile | |
|---|---|---|---|---|---|---|---|---|---|
| | | Min | Max | Min | Max | Min | Max | Min | Max |
| Management | MA | 48,747 | 54,279 | 54,280 | 59,811 | 59,812 | 65,343 | 65,344 | 70,875 |
| | MB | 54,123 | 60,242 | 60,243 | 66,362 | 66,363 | 72,482 | 72,483 | 78,602 |
| | MC | 60,418 | 67,264 | 67,265 | 74,111 | 74,112 | 80,958 | 80,959 | 87,804 |
| | MD | 67,268 | 74,899 | 74,900 | 82,530 | 82,531 | 90,161 | 90,162 | 97,792 |
| | ME | 74,682 | 83,154 | 83,155 | 91,627 | 91,628 | 100,100 | 100,101 | 108,572 |
| | MF | 82,966 | 92,391 | 92,392 | 101,816 | 101,817 | 111,241 | 111,242 | 120,666 |
| | MG | 92,304 | 102,745 | 102,746 | 113,187 | 113,188 | 123,629 | 123,630 | 134,071 |
| | MH | 102,518 | 114,087 | 114,088 | 125,656 | 125,657 | 137,225 | 137,226 | 148,794 |
| | MI | 114,164 | 127,027 | 127,028 | 139,891 | 139,892 | 152,755 | 152,756 | 165,618 |
| | MJ | 126,859 | 141,083 | 141,084 | 155,307 | 155,308 | 169,531 | 169,532 | 183,755 |
| | MK | 140,813 | 156,601 | 156,602 | 172,390 | 172,391 | 188,179 | 188,180 | 203,968 |
| Confidential | CA | 35,540 | 39,572 | 39,573 | 43,604 | 43,605 | 47,637 | 47,638 | 51,669 |
| | CB | 37,511 | 41,767 | 41,768 | 46,024 | 46,025 | 50,281 | 50,282 | 54,538 |
| | CC | 39,485 | 43,966 | 43,967 | 48,448 | 48,449 | 52,930 | 52,931 | 57,411 |
| | CD | 41,679 | 46,409 | 46,410 | 51,139 | 51,140 | 55,869 | 55,870 | 60,599 |
| | CE | 43,874 | 48,853 | 48,854 | 53,832 | 53,833 | 58,811 | 58,812 | 63,790 |
| | CF | 46,312 | 51,567 | 51,568 | 56,823 | 56,824 | 62,079 | 62,080 | 67,334 |
| | CG | 48,747 | 54,279 | 54,280 | 59,811 | 59,812 | 65,343 | 65,344 | 70,875 |
| | CH | 51,436 | 57,262 | 57,263 | 63,089 | 63,090 | 68,916 | 68,917 | 74,742 |
| | CI | 54,123 | 60,242 | 60,243 | 66,362 | 66,363 | 72,482 | 72,483 | 78,602 |
| | CJ | 57,274 | 63,756 | 63,757 | 70,238 | 70,239 | 76,721 | 76,722 | 83,203 |
| | CK | 60,418 | 67,264 | 67,265 | 74,111 | 74,112 | 80,958 | 80,959 | 87,804 |
| | CL | 63,845 | 71,083 | 71,084 | 78,322 | 78,323 | 85,561 | 85,562 | 92,799 |
| | CM | 67,268 | 74,899 | 74,900 | 82,530 | 82,531 | 90,161 | 90,162 | 97,792 |
| | CN | 70,975 | 79,026 | 79,027 | 87,078 | 87,079 | 95,130 | 95,131 | 103,181 |
| | CO | 74,682 | 83,154 | 83,155 | 91,627 | 91,628 | 100,100 | 100,101 | 108,572 |
| | CP | 78,823 | 87,772 | 87,773 | 96,721 | 96,722 | 105,671 | 105,672 | 114,620 |

# *Appendix B*

## *GML LAW SECTION 207-C PROCEDURE*

### SECTION 1. APPLICABILITY

This procedure shall apply to those covered within the provisions of Section 207-c of the General Municipal Law.

### SECTION 2. DEFINITIONS

As used herein, the following terms shall have the following meanings:

A. "County" shall mean the County of Dutchess.

B. "Sheriff" shall mean the Sheriff of Dutchess County.

C. "Claimant" shall mean any individual who is covered under the provisions of Section 207-c of the General Municipal Law and is covered by the Non-Union Benefit Plan, is injured or taken sick as a result of the performance of his duties so as to necessitate medical or other lawful or remedial treatment.

D. "Claims Manager" shall mean a representative of the Director of Risk Management who is charged with the responsibility of administering the procedures herein.

E. "Section 207-c Benefits" shall mean those benefits, which are provided by law and only to those members outlined in General Municipal Law Section 207-c, including the full amount of the regular salary or wages and medical treatment and hospital care necessitated by reason of such injury or illness and subject to contract contribution requirements for health insurance, dental insurance, and optical insurance.

F. "Days" shall mean business days unless otherwise noted.

G. "He" whenever words of the masculine or feminine gender appears they shall be deemed to refer to both male or female persons, pursuant to Section 22 of the General Construction Law.

### PROCEDURES

The following procedures shall regulate the application and benefit award process for 207-c benefits.

### SECTION 3. APPLICATION FOR BENEFITS

A. If a Claimant is injured or taken sick as a result of the performance of his duties, Claimant or Claimant's supervisor shall complete and file a written incident report and application with the Claims Manager, with a copy to the Sheriff or his designee, within forty eight (48) hours of the injury or illness or discovery of the injury or illness. The written report incident report and application shall be signed by Claimant, if able. Upon sufficient

reason, a late application for 207-c benefits may be accepted in the discretion of the Claims Manager, which shall not be unreasonably denied.

B. The incident report shall include, to the extent practicable, the following information:

1. The time, date and place of the incident;

2. A detailed signed, if able, statement of the facts surrounding the incident;

3. The nature and extent of Claimant's injury or illness;

4. The name of any possible witness(es) to the incident; and

5. The name and address of all of Claimant's treating physicians.

6. The application shall be submitted to the Claims Manager with a copy to the Sheriff or designee, which shall include all relevant medical reports and documents related to injury or illness available to Claimant at the time of the application. The determination of eligibility for 207-c benefits shall be made by the Claims Manager and shall be made within ten (10) days of receipt of the completed application. The Claims Manager shall have all of the authority set forth in Section 4 of these Procedures and the right to investigate the circumstances of the injury or illness. Claimant must cooperate with the investigation and provide all information, reports and documentation necessary for the County to determine the nature of the illness or injury and whether the Claimant was injured or taken ill in the performance of duty. Failure to cooperate may, in the discretion of the Claims Manager, result in the suspension or denial of benefits, which shall not be unreasonably denied.

   The Claimant shall be placed on sick leave pending the determination of eligibility for 207-c benefits. If Claimant has no available sick leave, the Claimant may use available benefit time to remain on the payroll. If the Claimant has exhausted all of his/her available leave accruals, the Claims Manager may, in his or her sole discretion, authorize that the Claimant remain on the payroll for a maximum of up to thirty (30) calendar days, pending the determination, if the Claims Manager determines that it appears probable that the Claimant will be eligible for 207-c benefits. If the Claims Manager determines that the claimant is ineligible for 207-c, any benefits paid shall be recouped by payroll deductions within the current or next payroll. If the Claims Manager determines that the Claimant is eligible for 207-c, accruals related to the claim that are utilized by the Claimant pending determination will be restored to the Claimant's leave accruals within the current or next pay period.

7. There is a continuing obligation on the part of the Claimant to apprise the Claims Manager of any changes in the information related to the incident.

SECTION 4. AUTHORITY AND DUTIES OF CLAIMS MANAGER

A. The Claims Manager shall have the sole and exclusive authority to make a final determination of eligibility for 207-c benefits.

B. The Claims Manager shall have the authority to:

1. Employ experts and specialists to assist in the rendering of the determination of eligibility;

2. Require the production of any book, document or other record that pertains to the application or injury;

3. Require the Claimant to submit to reasonable medical examinations;

4. Require the Claimant to sign forms for the release of medical information that bears upon the application;

5. Require the attendance of the Claimant and all other witnesses for testimony upon reasonable notice; and

6. Do all that is necessary or advisable in the processing of said application.

C. Claimant has an affirmative obligation to cooperate in every way with the investigation conducted pursuant to this procedure. Failure to cooperate may, in the discretion of the Claims Manager, result in suspension of benefits.

D. The Claims Manager shall mail a written copy of the final determination to the Claimant within ten (10) days of the decision. The written copy shall set forth the reasons for the decision. Appeals of the decision of the Claims Manager shall be submitted in writing to the Claims Manager within ten (10) calendar days of the receipt of the decision by the Claimant.

SECTION 5. MEDICAL TREATMENT

A. After the filing of an application, the Claims Manager may require a Claimant to submit to a reasonable number of medical or other health examinations as may be directed by the Claims Manager, including examinations necessary to render a final determination of eligibility, examinations or inspections conducted to determine if the Claimant has recovered and is able to perform his regular duties, and/or examinations required to process an application for ordinary and accidental disability retirement. Such treatment may include but is not limited to medical and/or surgical techniques deemed necessary by the appointed physicians. Any Claimant who refuses to accept such medical treatment or fails to cooperate with medical examinations shall be deemed to have suspended rights to benefits from that day forward.

B. Medical Reports - All physicians, specialists and consultants treating a Claimant shall be

required to file a copy of any and all reports with the Claims Manager. Physician notes on Claimant's condition and ability to perform his job duties must be updated every thirty (30) calendar days, unless the Claimant is deemed to be totally and permanently disabled. The Claimant shall execute all necessary releases and shall be responsible for the filing of said reports. Any report generated by the Claims Manager, or any agent of the Claims Manager, that pertains to a Claimant's case shall be made available for inspection after ten (10) calendar days of receipt of the report by the County. A copy of any report shall be made available upon request. Reports under this provision shall be defined as treatment plans and diagnosis.

C. Payment for Medical and Related Services - A Claimant must notify the Claims Manager of expenses for medical services, hospitalization, or other treatment related to injury or illness giving rise to the claim. To the extent practicable, notice shall be made prior to incurring the expense.

D. No claim for surgical operations or physiotherapeutic procedures costing more than eight hundred fifty dollars ($850.00) shall be paid unless required in an emergency or authorized in advance by the Claims Manager.

E. Bills for drugs, appliances or other supplies will require filing a copy of the prescription by a doctor with the Claims Manager for the particular items billed, stating thereon that the items were supplied as a consequence of the injury or illness upon which claim for benefits is based.

SECTION 6. LIGHT DUTY ASSIGNMENTS

A. Any Claimant receiving benefits who is not eligible for, or who is not granted, an ordinary or accidental disability retirement or retirement for disability incurred in performance of duty, or similar accidental disability pension, may be examined by a physician chosen by the Claims Manager to determine the Claimant's ability to perform light duty. Any Claimant deemed able to perform light duty by the Claims Manager may be directed by the Sheriff, in his sole discretion, to perform such light duty for a specified period of time as determined by the Sheriff.

B. If possible, the light duty assignment shall be made to the Claimant's previously assigned shift based upon the needs of the office as determined by the Sheriff and/or his designee.

C. If the Claimant returns to work in a light duty assignment within six (6) months from the beginning of his leave, Claimant shall be given the same days off that he had when the leave commenced.

D. Payment of benefits shall be discontinued to any Claimant who fails or refuses to perform light duty.

E. It is understood that an assignment of light duty is a temporary assignment until the Claimant returns to full duty. As such, a Claimant so assigned does not have entitlement

to a continued light duty assignment for an indefinite period of time. The County shall review such light duty assignments at least every ninety (90) calendar days.

SECTION 7. CHANGES IN CONDITION OF CLAIMANT

A. Claimant shall be required to notify the Claims Manager of any change in his condition which may enable him to return to normal duties or to be classified as eligible for light duty. This notice shall be made in writing within forty-eight (48) hours of change.
B. Claimant shall be required to report to department administration on a bi-weekly basis, unless otherwise agreed. Exceptions to the reporting requirement shall be made when medically necessary.

SECTION 8. RIGHT OF PERPETUAL REVIEW AND EXAMINATION

The Claims Manager shall have the right to review the eligibility of every Claimant throughout the period during which benefits are received. This right shall include, but shall not be limited to:

A. Requiring Claimant to undergo a reasonable number of medical examinations by physician or physicians chosen by the Claims Manager;

B. Requiring Claimant to testify as to his current condition; and

C. Requiring Claimant or any other involved parties to provide any documentation, books or records that bear on Claimant's case.

SECTION 9. TERMINATION OF BENEFITS

If, for any lawful reason, including but not limited to all those reasons specified in these procedures, the Claims Manager determines that a Claimant is no longer, or was never, eligible for benefits, the Claims Manager shall terminate such benefits effective the date of the determination of ineligibility. Notice of such termination and the reasons therefor shall be served by mail upon the Claimant and the Sheriff.

SECTION 10. COORDINATION WITH WORKERS' COMPENSATION BENEFITS

Upon payment of 207-c benefits, any wage or salary benefits awarded by the Workers' Compensation Board shall be payable to the County for periods during which a Claimant received 207-c benefits. If Claimant received any Workers' Compensation benefits which were required to be paid to the County, Claimant shall repay such benefits to the County, or such amounts due may be offset from his salary or any 207-c benefits thereafter. Upon termination of 207-c benefits, any continuing Workers' Compensation benefits shall be payable to Claimant.

SECTION 11. DISCONTINUATION OR REDUCTION OF SALARY AND WAGES OR OTHER BENEFITS

A. Payment of all 207-c benefits shall be discontinued with respect to any Claimant

who is granted an ordinary or accidental disability pension.

B. Payment of 207-c salary and wages shall be offset by any payments the Claimant receives from the Social Security Administration pertaining to his injury or illness, as required by law.

## SECTION 12. AFFIRMATION

This procedure shall supersede all prior 207-c procedures.