# MICHAEL S. KASANOFF, LLC

ATTORNEY AT LAW

9 STILLWELL STREET
MATAWAN, NJ 07747

PHONE: (908) 902-5900
FAX:    (732) 741-7528
E-MAIL: mkasanoff@att.net

July 15, 2025

**VIA ECF**

Honorable Philip M. Halpern, U.S.D.J.
United States District Court
Southern District of New York
Hon. Charles L. Breant, Jr. Federal Building and Courthouse
300 Quarropas Street, Room 530
White Plains, NY 10601

    *Re: Whelan, et. al. v. Parisi, et. al.*
      *Civ. Action No.: 7:25-cv-03000-PMH*

Dear Judge Halpern:

  Plaintiffs respond to Defendants' Pre-Motion Letter as follows:

**First Amendment Retaliation Claims:**

  The defendants argue that the plaintiffs' actions, such as attending a campaign event or supporting a political campaign, do not constitute protected speech or involve matters of public concern. However, courts have recognized that political affiliation and participation in political campaigns are matters of public concern protected under the First Amendment. *McCutcheon v. Fed. Election Comm'n*, 572 U.S. 185, 203, 134 S. Ct. 1434, 1448, 188 L. Ed. 2d 468 (2014). Declaring one's intent to campaign for political office or supporting a campaign constitutes speech on a matter of public concern. *Upstate Jobs Party v. Kosinski*, 106 F.4th 232, 248 (2d Cir. 2024), *cert. denied*, 145 S. Ct. 1168, 221 L. Ed. 2d 250 (2025)

1

The balancing test outlined in rom *Pickering v. Board of Ed.*, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968), requires the employer to demonstrate that the potential disruption caused by the speech outweighs its value. The defendants have not provided evidence of such disruption, and the plaintiffs' allegations should be sufficient to survive a motion to dismiss, as the defendants cannot demonstrate that party affiliation is an appropriate requirement for the effective performance of the public office involved. *Branti v. Finkel*, 445 U.S. 507, 518, 100 S. Ct. 1287, 1295, 63 L. Ed. 2d 574 (1980)

**Procedural Due Process Claims:**

The defendants argue that the plaintiffs, as at-will employees, lack a property interest in their employment. However, a constitutionally protected property interest may arise from informal rules or mutually explicit understandings fostered by a government agency, which confer a legitimate claim of entitlement to continued employment. *Velez v. Levy*, 401 F.3d 75, 85 (2d Cir. 2005). In response, the plaintiffs intend to argue that their employment was governed by such understandings or policies, creating a property interest that entitles them to procedural due process protections.

**Stigma-Plus Claims**

The defendants contend that the alleged statements do not meet the threshold for stigmatizing statements and were not made concurrently with the plaintiffs' dismissal. However, a stigma-plus claim requires the plaintiff to show (1) stigmatizing statements that are false and injure reputation, (2) public dissemination of those statements, and (3) a material state-imposed burden or alteration of status. or rights. *Barzilay v. City of New York*, 610 F. Supp. 3d 544, 610 (S.D.N.Y. 2022). The plaintiffs intend to argue that the statements denigrated their professional competence and were made in close temporal proximity to their dismissal, satisfying the stigma-plus requirements.

**Breach of Implied Contract**

The defendants argue that no implied contract exists because the plaintiffs are at-will employees. However, in response the plaintiffs intend to argue that the employer's policies, practices, or representations created an implied contract for certain benefits or protections, such as lifetime medical or pension benefits. *Baron v. Port Auth. of New York & New Jersey*, 271 F.3d 81, 85 (2d Cir. 2001). The existence of such policies or practices establish a legitimate claim of entitlement, supporting the breach of implied contract claim.

**Wrongful Termination**

While New York law generally does not recognize wrongful termination claims for at-will employees, exceptions exist where the termination violates public policy or statutory protections, such as retaliation for exercising First Amendment rights. *Ezekwo v. New York City Health & Hosps. Corp.*, 940 F.2d 775, 780 (2d Cir. 1991).

**Conversion**

The defendants argue that the conversion claim lacks sufficient allegations. However, in response the plaintiffs will argue that they have adequately alleged unauthorized dominion over their property, such as personal items or benefits wrongfully withheld by the employer. *Coughlan v. Jachney*, 473 F. Supp. 3d 166, 200 (E.D.N.Y. 2020).

**Promissory Estoppel**

The defendants argue that promissory estoppel is not recognized in the employment context under New York law. However, in response the plaintiffs intend to argue that the employer's clear and unambiguous promises regarding benefits or employment terms induced reasonable reliance, causing injury. While New York courts are generally reluctant to apply promissory estoppel in

employment cases, exceptions exist against a governmental actor "with respect to its discretionary actions" in making employment-related decisions where no statute or ordinance bars the promised action. *Bentkowski v. City of New York*, 229 A.D.3d 95, 102, 212 N.Y.S.3d 290, 295 (1st Dept. 2024), *rev'd on other grounds*, 2025 WL 1697939 (N.Y. June 18, 2025).

**Municipal Liability**

The defendants argue that there are no claims against Dutchess County under 1983. However, in response the plaintiffs intend to argue that the alleged constitutional violations resulted from a municipal policy or custom, making the County liable under governmental "custom". *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978).

**Individual Liability**

The individual defendant, Parisi, is being sued in his personal capacity as he acted under color of state law and caused the deprivation of a federal right. *Hafer v. Melo*, 502 U.S. 21, 25, 112 S. Ct. 358, 362, 116 L. Ed. 2d 301 (1991).

**Punitive Damages**

The defendants correctly argue that punitive damages are unavailable against municipal entities or employees sued in their official capacity. However, because the individual defendant, Parisi, is being sued in his personal capacity, punitive damages may be recoverable under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others. *Smith v. Wade*, 461 U.S. 30, 56, 103 S. Ct. 1625, 1640, 75 L. Ed. 2d 632 (1983).

**Qualified Immunity**

Qualified Immunity should be denied, as it is well established by the Supreme Court and the Second Circuit that employees may not be dismissed for the exercise of their First Amendment rights, and Defendants' actions were objectively unreasonable. *DePace v. Flaherty*, 183 F. Supp. 2d 633, 641 (S.D.N.Y. 2002) (citations omitted).

Respectfully submitted,
*Michael S. Kasanoff*
Michael S. Kasanoff

cc: Kimberly Hunt Lee, Esq.